## The McKinney Steel Company v. Belcher.

(Decided November 11, 1924.)

### Appeal from Pike Circuit Court.

False Imprisonment—Employer of One Acting as Deputy Sheriff Not Liable for His Official Act.—Company who had constructed lockup on its property, due to distance from county jail, was not

liable for plaintiff's wrongful incarceration therein by its employe in line of his official duty as deputy sheriff, under warrant issued by duly qualified justice of peace upon complaint of citizen of county, in which company did not participate.

J. R. JOHNSON, JR., and MOORE & CHILDERS for appellant.

WILLIS STATON and L. J. MAY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Henry Belcher brought this suit against R. H. Sowards, sheriff of Pike county, Clell Taylor, his deputy, and the McKinney Steel Company. He charged in his petition that the McKinney Steel Company was operating the coal mines at Wolfpit and employed Clell Taylor to do sheriff work and as a guard around the mine at Wolfpit and delivered to him the keys of a small building it had constructed as a prison or lockup and instructed him to lodge all persons he arrested in this building for safekeeping; that it used this building to store therein dynamite, which is a very highly explosive and dangerous substance; that Clell Taylor on April 4, 1921, while in its employ as aforesaid, arrested him and locked him up in this building; that there were then several boxes of dynamite in this building; that the building had no heat or fire or any way of keeping same warm; that it was very damp and had no ventilation whatever, all of which was well known to the defendants, and he was compelled to stay in this building without anything to sleep upon except the damp floors of the building, from nine o'clock p. m. until the next morning and thus breathed and inhaled into his lungs poisonous gases and foul air that got into his eyes and nearly put them out and settled on his lungs and injured them permanently, from which he has suffered great pain and anguish, in all to his damage in the sum of $10,000.00. The allegations of the petition were controverted by answer, and the steel company further pleaded that Belcher was arrested and imprisoned by Clell Taylor in his official capacity under a warrant issued by a duly qualified justice of the peace upon the complaint of a citizen of the county, and that the warrant was issued, the arrest made and the imprisonment had without any participation therein of the steel company and without its authority,

direction or knowledge.  On a trial of the case the jury returned a verdict as follows:

"We the jury agree and find for the plaintiff and against the McKinney Steel Company in the sum of $500.00."

The court entered judgment upon the verdict against the McKinney Steel Company and it appeals.

No judgment was rendered as to Sowards, the sheriff, or Clell Taylor, the deputy. The facts are these:

Wolfpit is seventeen miles from Pikeville, and as the prisoners could not be conveniently carried to the county jail the company had constructed a lockup of 2x4 scantling laid flat, one on the other, with a roof of the same timbers set edgewise. There was a window in each end about six feet from the floor with iron bars across it and no glass. The building was separated into two apartments; there was a bed in each apartment with a mattress and bedclothes. At times the building had been used to store dynamite and monobel, but there was none in the building at the time Belcher was put in it, unless in the form of dust on the floor. Clell Taylor was a regularly appointed deputy sheriff; he also worked for the steel company as a night watchman. It was his duty as such to look after the garbage wagon and other sanitary conditions of the camp; look after the houses and see that they were locked up and not damaged. He was furnished a lock for the lockup and kept the key to the lockup. On the afternoon of April 4th Eck Ratliff and Ep Atkins, who lived on the head of Wolfpit creek and about two miles from the Wolfpit mining camp, telephoned to Taylor as deputy sheriff that Belcher was drunk and shooting on the public highway and asked him to come up and get him. Later in the afternoon Ep Atkins went before the magistrate of the district and swore out a warrant for the arrest of Belcher and another man who was drunk with him. Taylor on receiving the warrant from the magistrate went out there and arrested them. They had not committed any offense in Wolfpit camp but were arrested upon the complaint of the man who lived two miles up the creek. Taylor took them before the magistrate, but when he got to the magistrate with them it was in the night and the magistrate told him to hold them until morning and he would then hear the case. Taylor then put them in the lockup until morning.

In the morning they were brought out before the magistrate and were both fined.

On these facts the circuit court should have sustained the motion of the McKinney Steel Company for a peremptory instruction. The proceeding was not instituted by it; Taylor was not acting for it in anything that he did under the warrant; he was acting as a deputy sheriff under the process regularly issued and in no way procured by the steel company. The steel company is not responsible for the acts of the deputy sheriff, as he was in nowise serving it in making this arrest. He was acting simply as an officer of the state, executing the process of the state regularly issued. The court has entered no judgment as to Sowards or Taylor and therefore nothing on this branch of the case is before us.

Judgment reversed and cause remanded for a new trial.